UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEUTSCHE BANK NATIONAL TRUST
COMPANY and AMERIQUEST
MORTGAGE COMPANY,

                Plaintiffs,

v.                                                                          Case Number 08-14639
                                                                        Honorable David M. Lawson

DERRICK PINKARD,

                Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

The matter is before the Court on the plaintiffs' motion to remand. The plaintiffs commenced this action in the 36th District Court in Wayne County, Michigan, seeking to evict the defendant from his residence after completing a foreclosure sale on the property. On October 31, 2008, the defendant filed a notice of removal, as well as what appears to be a counterclaim. In his notice of removal, he alleges that the plaintiffs failed to comply with certain requirements under Michigan law in perfecting their claim to his property. In his counterclaim, he claims that the plaintiffs/counter-defendants have acted contrary to the United States Constitution, which he believes defines money only as gold or silver, and the Coinage Act of 1792. The time for the defendant to file a response to the motion to remand has elapsed, and no response has been filed. The Court has reviewed the pleadings and the plaintiffs' motion to remand, and finds that oral argument will not aid in the disposition of the motion. *See* E.D. Mich. LR 7.1(e)(2).

This Court is a court of "limited jurisdiction," and the burden of establishing jurisdiction rests with the defendant, as the party removing the case asserting federal jurisdiction. *E.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "'[A]ll doubts as to the

propriety of removal are resolved in favor of remand.'" *Jacada (Europe), Ltd. v. International Marketing Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)), *abrogated on other grounds by Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396 (2008).

This Court has jurisdiction over an action "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and such a case may be removed by the defendant if the complaint is based on federal law, *see* 28 U.S.C. 1441. The defendant appears to premise his removal on federal question jurisdiction, because he states "Factual Issues in the defense of Defendant are Governed by Federal Statute. . . ." Notice of Removal ¶ 2. He also attaches to his Notice of Removal a "complaint," construed as a counterclaim, that alleges a violation of the Constitution and a federal statute. However, federal question jurisdiction under section 1331 exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Consequently, "it is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)); *see also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (holding that "a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction"). The plaintiffs' complaint is wholly concerned with state law; federal law is implicated by the defendant only in his defenses and counterclaims. This is not sufficient to bestow jurisdiction on this Court.

The defendant also may have removed the case pursuant to 28 U.S.C. § 1332, which grants

jurisdiction to district courts over cases with a complete "diversity" of citizenship. If that is the case, the defendant must establish that the amount in controversy is over $75,000, exclusive of interest and costs, and the parties are citizens of different states or citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332. Moreover, a defendant may not remove an action if he is "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

"A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). This means that the defendant has the burden of showing that the amount in controversy exceeds $75,000, *see Hayes v. Equitable Energy Resources, Co.*, 266 F.3d 560, 572 (6th Cir. 2001), as well as the burden of proving the citizenship of the parties, such that removal was appropriate, *see Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). Here, the only part of the defendant's pleadings that can be read as supporting diversity jurisdiction asserts that neither he nor the plaintiffs are resident of the state, but that the plaintiff "is only domicile in the State of Michigan." Notice of Removal ¶ 3. He also completed a civil cover sheet where he checks that both he and his opponent are citizens of "This State." The defendant does not otherwise identify his own citizenship or the citizenship of the other parties. Considering the civil cover sheet, it appears that diversity is lacking, and the defendant cannot remove the case because he is a citizen of Michigan. Nor does the defendant allege that the amount in controversy exceeds $75,000. Diversity of citizenship is not an appropriate basis for jurisdiction.

The defendant has failed to establish that this Court has subject-matter jurisdiction over this case. Therefore, the Court will grant the plaintiffs' motion to remand, and remand this case to the 36th District Court from whence it came.

Accordingly, it is **ORDERED** that the motion to remand will be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2).

It is further **ORDERED** that the plaintiffs' motion to remand [dkt. #4] is **GRANTED**.

It is further **ORDERED** that this case is **REMANDED** to the 36th District Court for further proceedings.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: November 25, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 25, 2008.

s/Felicia M. Moses
FELICIA M. MOSES

---